**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-6744**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LANCE D. YOUNG,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:05-cr-00063-JPB-JPM-1)

─────────────

Submitted:  September 28, 2023                    Decided:  November 13, 2023

─────────────

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Lance D. Young, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance D. Young appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have reviewed the record and find no reversible error.[*] Accordingly, we affirm the district court's order. *United States v. Young*, No. 5:05-cr-00063-JPB-JPM-1 (N.D.W. Va. June 17, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We limit our review to issues raised in the informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). On appeal, Young contends that he no longer has the requisite number of qualifying predicates to be classified as a career offender, and the district court did not adequately consider the argument. However, as the district court recognized, we previously found otherwise. *See In re Young*, No. 16-882 (4th Cir. June 6, 2016) (order denying motion). His argument is based on his claim that he was sentenced as a career offender based on a conviction for simple possession of marijuana with a statutory maximum of less than one year; but it was based on his felony convictions for possession with intent to distribute a controlled dangerous substance, two counts of possession with intent to distribute a controlled dangerous substance within 1,000 feet of a school, and reckless manslaughter. Even assuming the manslaughter conviction no longer qualifies, he has not shown that he does not have the requisite career offender predicates. Moreover, even without the enhancement on Count 1 under 21 U.S.C. §§ 841(b)(1)(B), 851, his statutory maximum remains life on his 18 U.S.C. § 924(c)(1)(A)(i) conviction; and his Guidelines range remains 360 months to life pursuant to USSG § 4B1.1(c)(3).